```
                    United States Bankruptcy Court
                    Eastern District of Pennsylvania
```

In re:                                                    Case No. 17-10796-mdc
Crystal P. Clark                                          Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: Antoinett          Page 1 of 1          Date Rcvd: Oct 25, 2017
                            Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 27, 2017.
db             +Crystal P. Clark,    26 Viewpoint Lane,    Levittown, PA 19054-1304

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 27, 2017                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 25, 2017 at the address(es) listed below:
              MATTEO SAMUEL WEINER    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com
              THOMAS A. CAPEHART    on behalf of Creditor c/o Thomas Capehart  Santander Bank, N.A.
               JKacsur@grossmcginley.com,   ehutchinson@grossmcginley.com
              TOVA   WEISS    on behalf of Debtor Crystal P. Clark weiss@lawyersbw.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                             TOTAL: 6

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Crystal P. Clark<br>  Debtor | CHAPTER 13 |
| NATIONSTAR MORTGAGE LLC<br>  Movant<br>vs.<br>Crystal P. Clark<br>  Debtor | NO. 17-10796 MDC |
| William C. Miller<br>  Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through September 2017.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due October 1, 2017 in the amount of $1,424.23.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan, and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date:  October 12, 2017

By /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solar, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 10/12/2017

Tova Weiss, Esquire
Attorney for Debtor

Date: 10/23/17

William C. Miller
Chapter 13 Trustee

*without prejudice to any trustee rights or remedies

no objection

Approved by the Court this 25th day of October, 2017. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Bankruptcy Judge